IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAMON ANTONIO GONZALEZ, | § |
| Movant, | § |
| VS. | § NO. 4:19-CV-098-O |
| | § (NO. 4:17-CR-020-O) |
| UNITED STATES OF AMERICA, | § |
| Respondent. | § |

**OPINION AND ORDER**

Came on for consideration the motion of Damon Antonio Gonzalez, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:17-CR-020-O, and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On February 15, 2017, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 14. Movant entered a plea of not guilty. CR Doc. 19. Later, he and his attorney signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense charged. CR Doc. 31. They also signed

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-020-O.

a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) with waiver of appeal. CR Doc. 32. Among other things, the plea agreement stated that movant understood that the sentence would be imposed by the Court after consideration of the United States Sentencing Guidelines ("guidelines"); movant had reviewed the guidelines with his attorney; and he understood that no one could predict with certainty the outcome of the Court's consideration of the guidelines in his case. *Id.* at 2. The parties agreed that the length of any sentence would not exceed 240 months, even though the statutory maximum was 40 years. *Id.* at 3. Further, the plea was freely and voluntarily made and was not the result of force or threats, or of promises other than as set forth in the agreement. *Id.* at 4. And, movant had thoroughly reviewed all legal and factual aspects of his case with his counsel and was fully satisfied with his representation. *Id.* at 5.

On March 8, 2017, movant appeared before the United States Magistrate Judge to enter a plea of guilty to the offense charged. CR Doc. 37. He and his attorney signed a consent to administration of guilty plea and allocution by the magistrate judge. CR Doc. 38. At the rearraignment, movant testified under oath that: He understood he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; he had discussed with his attorney the charges against him, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by the stipulated facts and could take into account other facts; he committed the essential elements as set out in the factual resume; he had had sufficient time to discuss the case and the charges against him and the issue of punishment with his attorney and he was satisfied with his attorney's representation; he read the plea agreement and discussed it with his attorney and received satisfactory explanations; he had

no further questions regarding the plea agreement; he was waiving the right to appeal and to challenge his conviction and sentence in collateral proceedings, including under § 2255, except in certain instances; no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and the stipulated facts in the factual resume were true and correct. CR Doc.76 at 3–40. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 41. He issued a report and recommendation that the plea be accepted. CR Doc. 39. Movant did not file objections and the Court accepted the plea. CR Doc. 43.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 38. CR Doc. 46, ¶ 42. He received two-level enhancements for possessing a dangerous weapon, *id.* ¶ 43, importation, *id.* ¶ 44, and maintaining a drug premises. *Id.* ¶ 45. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 51, 52. Based on a total offense level of 41 and a criminal history category of III, movant's guideline imprisonment range was 360 months to life. However, the statutorily authorized maximum sentence was 40 years, so the guideline range became 360 to 480 months. *Id.* ¶ 102. Movant filed objections, CR Doc. 49, and the probation officer prepared an addendum to the PSR. CR Doc. 51. To err on the side of caution as to the quantity of drugs attributed to movant, the probation officer amended movant's base offense level to 36, which resulted in a guideline imprisonment range of 324 to 405 months. *Id.* at 2–4. Movant filed a motion to withdraw his plea, CR Doc. 57, and the probation officer prepared a second addendum to the PSR concluding that movant should not receive the benefit of acceptance of responsibility, causing his guideline range again to become 360 to 480 months. CR Doc. 60.

Movant was sentenced on June 26, 2017. CR Doc. 63. At the sentencing hearing, movant testified that he was innocent and wished to withdraw his plea. The Court considered each of the factors set forth in *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984), and denied the motion. CR Doc. 77 at 3–12. The Court sentenced movant to a term of imprisonment of 240 months. CR Doc. 69. Movant appealed. CR Doc. 73. The judgment was affirmed. *United States v. Gonzalez*, 715 F. App'x 404 (5th Cir. 2018). His petition for writ of certiorari was denied. *Gonzalez v. United States*, 139 S. Ct. 178 (2018).

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion, worded as follows:

Ground One: Ineffective Assistance of Counsel

Ground Two: Void Order and Judgment for Non Allowal of Withdrawal of Plea

Ground Three: Buyer Seller Relationship Not Evidence of Conspiracy and violation of Due Process

Ground Four: Ex Post Facto Sentencing by items Used as Relevant Conduct

Doc.[2] 1 at PageID[3] 5–6. In the space provided for supporting facts, movant says, "See attachment." *Id.* Attached to the form motion is a typewritten document titled "Motion in Pursuance with 2255 Motion." *Id.* at PageID 9.

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152,

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the typewritten page numbers are not the actual page number of the document.

164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751

5

(5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In his first ground, movant asserts a number of arguments to the effect that he received ineffective assistance of counsel. Doc. 1 at PageID 9–15. First, he alleges that he told his attorney from the very beginning that he wanted to go to trial and that his attorney did not listen to him but insisted that movant plead guilty. He says his attorney coerced him despite the lack of evidence against him and neglected his case by failing to file motions or develop a strategy. *Id.* at 9–10. Although movant refers to motions to quash, to suppress, for private investigator, and for severance, he does not provide any factual support that any of these motions could or should have been filed, much less that any of them would have been successful and changed the outcome of the case. Nor does he explain what strategy could or should have been developed. *See United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)(movant must suggest with specificity what exculpatory evidence would have been uncovered and how it would have altered the outcome); *United States v. Oakley*, 827 F.2d 1023, 1025–26 (5th Cir. 1987)(determination of ineffectiveness

6

depends on whether a suppression motion or objection would have been sustained; mere assertion of lack of preparation is not sufficient). His conclusory allegations are insufficient to meet the *Strickland* test. *Miller*, 200 F.3d at 282.

In addition to alleging that he was coerced to plead guilty, movant alleges that he did not know the consequences of the plea agreement and that his attorney should have gotten the rearraignment rescheduled rather than allow movant to be represented by one of his colleagues. Doc. 1 at PageID 11. He lists questions that he "would have" and it is not clear whether he actually had those questions or whether he means that the substitute attorney was not, or would not have been, able to answer them. *Id.* Whatever the case, these contentions are belied by the record. Movant and his counsel signed the plea agreement, which stated, among other things, that it was made freely and voluntarily and that movant had thoroughly reviewed all legal and factual aspects of his case with his counsel and was fully satisfied with his representation. CR Doc. 32. This and the other documents signed by movant are accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Moreover, movant testified under oath that his plea was not coerced, that he had received satisfactory explanations in response to his questions about the plea agreement, and that he was satisfied with counsel. More importantly, he stated under oath that the stipulated facts set forth in the plea agreement were true. CR Doc. 76. His solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His testimony and the clear terms of the plea agreement and factual resume refute the allegations that he received ineffective assistance as alleged. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998).

Movant next makes the bizarre allegation that his counsel was ineffective for allowing him to testify at sentencing. Doc. 1 at PageID 12. He makes the assertion that the "burden of proof is never on the defendant" and that since there was no tangible evidence against him, he had no reason to testify. *Id.* He fails to recognize that it was his burden to show that he should be entitled to withdraw his guilty plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); *United States v. Grant*, 117 F.3d 788, 789 (5th Cir. 1997). His testimony was the only factor in his favor. CR Doc. 77 at 10. Movant complains that his attorney should have appealed the denial of his motion to withdraw his plea, but he offers no evidence to show that such an appeal would have been successful. A motion to withdraw plea lies within the trial court's sound discretion. *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984). As the government notes, movant did appeal from the ruling, but had to admit that the appeal was foreclosed by circuit precedent. Doc. 8 at 23–24; *Gonzalez*, 715 F. App'x at 404–05.

Movant says that his attorney failed to subpoena Mark Maceyra ("Maceyra") to testify as movant instructed. Doc. 1 at PageID 13. He says that Maceyra would have "accounted for many statements made which were wrong regarding why [movant's] name was mentioned in phone conversation." *Id.* As the government notes, complaints of uncalled witnesses are disfavored because allegations of what a witness would have testified to are largely speculative. *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir. 1978). To succeed on such a claim, the movant must show that the witness was available to testify and would have done so and show that the testimony would have been favorable to him. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009); *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001)(where only evidence of a missing witness's testimony is from the defendant, the Court views claims of ineffective assistance with great

8

caution). He must also show a reasonable probability that the uncalled witness would have made a difference to the result. *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008). He has not done so.

Finally, movant appears to allege that his counsel was ineffective for advising him to accept a plea when he could be held responsible for more than the "2 ounces that were at the scene in which he was located when a transaction occurred." Doc. 1 at PageID 14. For the reasons previously discussed, movant was well aware that the Court could take into account conduct other than as stipulated by the parties. He stated under oath that he had fully discussed the facts of the case, the charge, the penalties he faced, and the guidelines with his counsel and was satisfied with his representation. Under movant's theory, no attorney could ever advise his client to plead guilty. In any event, movant has not shown that he received ineffective assistance here. With his counsel's assistance, movant was able to reduce his statutory maximum sentence of 40 years to a maximum of 240 months.[4] CR Doc. 32 at 3, ¶ 4.

Movant's second ground appears to be a rehash of arguments raised under the first ground. In sum, he appears to be urging that he had a constitutional right to withdraw his plea of guilty based on certain articles of the Texas Constitution. Doc. 1 at PageID 16. He also mentions his right to trial and right not to testify and somehow arrives at the conclusion that the judgment against him is void. *Id.* at PageID 17–18. The argument is nonsensical and fails to state a basis for relief. As stated, movant did not have an absolute right to withdraw his plea.

In his third ground, movant argues that he is innocent and that there is no admissible proof that he was guilty of conspiracy. *Id.* at PageID 10–16. However, as the Court found, movant

---

[4] Movant wholly overlooks this fact in making all of his arguments in support of the motion.

knowingly and voluntarily entered into the plea agreement. He stipulated to the facts establishing his guilt. CR Doc. 31. Moreover, he waived the right to appeal and to contest his conviction and sentence in any collateral proceeding. CR Doc. 32 at 5, ¶ 10. He cannot pursue this ground here, even assuming it had any merit, which it does not.

In his final ground, movant, referring to "ex post facto sentencing," continues his argument that he was not part of a conspiracy. His point appears to be that the court erred in assessing his relevant conduct. Doc. 1 at PageID 24–28. Guideline errors, however, are not cognizable on collateral review. *Cervantes*, 132 F.3d at 1109. In any event, the Court found the statements of Limas to be reliable and adopted the probation officer's fact findings and conclusions as to the guideline calculations. CR Doc. 77 at 48. That movant disagrees does not entitle him to relief.

**V.   CONCLUSION**

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 11th day of January, 2021.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE